**Michelle D. CAREY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2001–CA–002153–MR.

Court of Appeals of Kentucky.

Nov. 8, 2002.

Discretionary Review Denied
by Supreme Court June 4, 2003.

David C. Teater, Stanford, KY, for appellant.

Albert B. Chandler, III, Attorney General of KY, Ian G. Sonego, Assistant Attorney General, Frankfort, Kentucky, for appellee.

Before COMBS, DYCHE, and KNOPF, Judges.

## OPINION

DYCHE, Judge.

Michelle Carey was convicted by her plea of guilty but mentally ill (KRS 504.130) of the offenses of Assault, 1st degree, Burglary 1st degree, and Criminal Mischief, 3rd degree on May 8, 2000. The trial court denied her probation and sentenced her to terms of 15 years, 15 years, and 90 days, to run concurrently.

Carey argued below, as she does here, that her plea of guilty but mentally ill is substantively different from a plea of guilty, and that the Violent Offender Statute, KRS 439.3401 does not address a plea of guilty but mentally ill, and therefore does not apply to her.

We find no such distinction. KRS 439.3401 provides that a "violent offender" is "any person who has been convicted of or pled guilty to the commission of a capital offense, Class A felony, or Class B felony involving the death of the victim or serious physical injury to a victim...." Carey was convicted, by her own plea, of two Class B felonies. There is no exception in the statute for pleas of guilty but mentally ill. We will not create such exceptions. The judgment of the Boyle Circuit Court is affirmed.

ALL CONCUR.